Summons Issued
Receipt No 40056

Timothy C. Kelly
Kelly Law Office
Post Office Box 65
Emigrant, Montana 59027
406/333-4111 (voice)
406/333-9073

*Attorney for Plaintiff*

FILED
BILLINGS DIV.

2006 JUL 31 PM 3 47

PATRICK E. DUFFY, CLERK
BY _____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT

District of Montana

Billings Division

| | |
|---|---|
| LeAnne Wickun,<br><br>　　　　Plaintiff,<br><br>versus<br><br>Billings School District 2, Scott Anderson, Dave Williams, and Dan Martin,<br><br>　　　　Defendants. | Case No. CV 06 108 BLG RWA<br><br>COMPLAINT<br><br>Jury Requested |

COMPLAINT

1.  This is an action by LeAnne Wickun, a veteran teacher in Billings, against Billings School District 2, a local governmental agency, and three supervisory employees of the school district (Anderson, Williams and Martin) for acts of illegal discrimination based on gender and for illegal retaliation in violation of federal and state civil rights laws. Plaintiff claims injuries as a result of the discriminatory and other illegal acts of the defendants. Plaintiffs seek declaratory and injunctive relief and damages from defendants for violations of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1983 for deprivation of plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution, as well as corresponding state human rights laws and

1

state laws prohibiting invasion of constitutionally protected personal privacy.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 42 U.S.C. §1343 and §1331. The Court also has pendent jurisdiction over plaintiff's state law claim arising from the same core of operative facts.

3. Venue is proper under 28 U.S.C.§1391 in that the claims alleged herein include claims that arose within Yellowstone County, Montana.

## PARTIES

4. Plaintiff LeAnne Wickun is a full time certified teacher employed in the Billings Public Schools. For six years (through School Year 2004-05) she held a contract as Head Coach for the Billings Senior High School Women's Soccer Team and performed the duties and responsibilities of that position.

5. Defendant Billings School District 2 (h/a also referred to as "SD2" or "School District") is a local government agency, a state school district, and an employer of more than 100 employees, including the plaintiff, as defined in Montana Codes Annotated, Title 49. The school district acted by and through various officers, trustees and agents in taking against the plaintiff as described in this complaint.

6. During periods relevant to this complaint, defendant Scott Anderson was a principal of a high school, a supervisory employee of the school district and an agent of the school district for purposes of employment actions taken against the plaintiff. In taking action against the plaintiff, he acted at times within the scope of his authority as an employee and agent of the school district and at times outside the scope of his authority as an employee and agent of the school district.

7. During periods relevant to this complaint, Dave Williams was activities

2

director and a supervisory employee of the school district and an agent of the school district for purposes of taking actions against the plaintiff. In taking action against the plaintiff, he acted at times within the scope of his authority as an employee and agent of the school district and at times outside the scope of his authority as an employee and agent of the school district.

8. During periods relevant to this complaint, Dan Martin was human resources director and a supervisory employee of the school district and an agent of the school district for purposes of taking actions against the plaintiff. In taking action against the plaintiff, he acted at times within the scope of his authority as an employee and agent of the school district and at times outside the scope of his authority as an employee and agent of the school district.

## EVENTS

9. Defendants SD2 and Anderson asked plaintiff to resign as head coach of the women's soccer team at Billings Senior High School. She declined to resign.

10. In December 2004, prior to asking plaintiff to resign from the head coach position, defendant Williams conducted an evaluation of plaintiff as a head coach and did so in manner that failed to comply with evaluation procedures required of SD2 in evaluating coaches, required by the contract between SD2 and the teachers' union, and/or used with one or more males having coaching contracts with SD2.

11. On or before the December 2004 evaluation of plaintiff conducted by Williams, defendant Anderson made false statements regarding plaintiff to Williams, did so knowing the statements were false or with reckless disregard for the truth or falsity of those statements, and did so to injure the plaintiff in terms of her occupation as a head coach and to impugn and disparage and disqualify her in terms of her occupation as a head coach.

3

12. One or more of Anderson's false statements concerning plaintiff as described in the preceding paragraph were made outside the course and scope of his employment with SD2 and were motivated in whole or in part by a discriminatory animus against plaintiff because she is a woman and with the intent to deny her employment opportunities because she is a woman contrary to express written policies of the school district.

13. On information and belief, prior to Anderson making the false statements to Williams as described above, Anderson had conversations with and made unauthorized disclosures to one or more third parties of confidential personnel information regarding the plaintiff. In doing so, he was acting outside the scope of his authority and contrary to SD2 policies.

14. Defendants SD2, Anderson and Williams decided not to renew the plaintiff's contract as head coach for the year 2005-06 school year and decided not to offer her such a contract for that year. They gave notice of that decision by word and/or action prior to March 18, 2005.

15. Prior to March 18, 2005, SD2 posted a vacancy notice requesting applications from qualified candidates for the position of head coach of the women's soccer team at Senior High School.

16. On or about March 18, 2005, plaintiff protested the defendants' decision not to renew her head coach contract and the posting of the vacancy notice for the head coach position.

17. On or about March 18, 2005, plaintiff responded to the vacancy notice for the head coach position and submitted her application under protest.

18. Defendants decided not to interview plaintiff in response to her March 2005 application for the head coach position and decided to reject her application to be head coach for the 2005-06 school year.

4

19. Defendants did not provide written notice to plaintiff of the decision not to renew her contract as head coach.

20. Defendants did not provide written notice to plaintiff of the decision rejecting her March 2005 application for the head coach position.

21. On or before the last week of May or first week of June, 2005, defendants decided to hire a male, Kevin Luse, to be head coach of the women's soccer team at Senior High School for the 2005-06 school year.

22. Kevin Luse has not been a member of the certified teaching staff of SD2 at time relevant to this complaint.

23. On or about June 2005, the Billings Education Association (BEA) filed a grievance for its own benefit and on behalf of plaintiff in accordance with the collective bargaining agreement between the BEA and SD2. The grievance claimed that the decision to hire Luse as a head coach and to reject the application of plaintiff violated the terms and conditions of the union contract which (a) require preference or priority in hiring for certified staff of the school district for extra pay positions, including coaching contracts and (b) require evaluation of coaches in accordance with procedures set forth in the union contract.

24. On or about June 7, 2005, plaintiff filed a separate grievance pursuant to SD2 Policy 1700 alleging the decision not to renew her contract as head coach and the decision to reject her March 2005 application constituted gender discrimination.

25. In late June 2005, plaintiff, her attorney and defendant Martin met to discuss the gender discrimination grievance filed by plaintiff. Martin represented that the school district had determined that plaintiff was not qualified to be a head coach, that it did so for four reasons and that her contract as head coach was

not renewed and her March 2005 application had been rejected because of those four stated reasons. Martin was acting within the scope of his authority and acting on behalf of SD2 at that meeting and in making those representations.

26. The four reasons articulated by Martin at the June 2005 meeting on plaintiff's discrimination grievance were false, known to be false by defendants SD2 and Anderson and Williams, and were a pretext for denying plaintiff equal employment opportunities because she is a woman.

27. In July 2005, defendants SD2 and Martin rejected and refused to process the June 2005 grievance contending that the grievance was premature and untimely because SD2 had not made a decision to reject the application of plaintiff and had not decided to hire a male as her replacement as head coach.

28. The reasons given by SD2 and Martin for rejecting and refusing to process the June 2005 grievance of plaintiff were false, known to be false by defendants, and intended to frustrate and interfere with her efforts to complain of gender discrimination and intended to deny her unfettered access to the remedial provisions of the SD2 grievance procedures with respect to acts in violation of the SD2 written policies prohibiting illegal discrimination.

29. In early August 2005, defendant Martin represented to plaintiff, through her attorney, that the matter of plaintiff's discrimination grievance would be presented to the SD2 Board of Trustees prior to a decision by the board to formally hire Luse as a head coach. In doing so, Martin held himself as authorized to make such an agreement, represented himself by words and conduct as having such authority, and induced reasonable reliance by the plaintiff on those representations.

30. Defendant Martin acted outside the scope and course of his authority in making

the agreement described in the preceding paragraph.

31. In August 2005, defendants SD2 and Martin acted to renege on Martin's agreement to present plaintiff's discrimination grievance to the SD2 board, acted to permit third parties to make statements disparaging of plaintiff without any opportunity for her to be present and without any opportunity for her to respond or object, made unauthorized disclosures to third parties of confidential personnel information concerning plaintiff, and then acted to ratify and confirm the decision not to renew plaintiff's contract as head coach for the 2005-06 school year, to ratify and confirm the decision rejecting plaintiff's application for the head coach position and hired Luse for that position.

32. The actions of defendants SD2 and Martin as described in the preceding paragraphs were intended to frustrate and interfere with her efforts to complain of gender discrimination, intended to punish her for proceeding with her objections to acts of gender discrimination and intended to deny her unfettered access to the remedial provisions of the SD2 grievance procedures with respect to acts in violation of the SD2 written policies prohibiting illegal discrimination.

33. In late August 2005, plaintiff renewed and refiled her grievance under school district policy objecting to the failure to renew her head coach contract and the rejection of her March 2005 application as acts of gender discrimination in violation of school district policy.

34. Defendant SD2 failed to reasonably investigate the plaintiff's discrimination grievance made in August 2005, otherwise failed to comply with its procedures in addressing such grievances and subsequently denied the grievance.

35. On February 21 and 22, 2006, an arbitration hearing was held on the grievance filed by the Billings Education Association in the matter of the priority for

extra pay position of the plaintiff. Witnesses gave testimony under oath at the hearing and were subject to direct and cross examination. Parties were afforded opportunities to make objections to evidence which were ruled upon at the hearing. Parties were afforded the opportunity to make motions and have those motions ruled upon by the arbitrator. Parties were afforded the opportunity to file post hearing briefs and did file such briefs.

36. On May 10, 2006, the arbitrator made findings of fact, rendered an opinion and issued an award in favor of the BEA and plaintiff and against the school district ordering the school district to reinstate plaintiff to the position of head coach of the women's soccer team at Senior High and awarding her back pay. The opinion and award specifically found the following facts among others: (a) plaintiff was qualified to be renewed in her head coach position and to be head coach of the women's soccer team at Senior High for the 2005-06 school year and to be reinstated to that position in the future; (b) the decision not to renew her contract as head coach for the 2005-06 school year was without good cause; (c) the hiring of Luse was contrary to the obligations of the school district under the collective bargaining agreement; (d) the school district failed to comply with the union contract in its evaluation of plaintiff as a coach in December 2004; (e) the school district had falsely represented that plaintiff had been given an opportunity to address concerns expressed by defendants Anderson and Williams and did not do so; (f) defendants Williams and Anderson falsely represented that plaintiff would not listen to or respond to counseling offered by them concerning the performance of her coaching responsibilities; and (g) the school district made contentions as to the meaning of the words "qualified" and "priority" in regards to the rights of the plaintiff under the union contract that had no merit.

37. The school district has not violated the rights under the union contract of any male certified staff in the same manner that the school district violated the rights of plaintiff as set forth in the arbitration opinion and award dated May 10, 2006.

38. On information and belief, defendants Anderson and Williams made false statements about the plaintiff and made disclosures of unauthorized information to third parties of plaintiff's personnel information prior to the hearing in February 2006. The false statements were intended to injure the plaintiff in her occupation as a head coach and to impugn and disparage and disqualify her in her occupation. In doing so, each was acting outside their authority as employees of the school district.

39. The school district has not permitted defendant Williams to fail to comply with district procedures in evaluating male coaches in the same manner as Williams did with plaintiff.

40. The school district has not permitted high school principals to make false statements about male coaches and to make unauthorized disclosures of personnel information about male coaches in the same manner as Anderson did with plaintiff.

41. SD2 knows that Anderson and Williams and Martin failed to perform the duties and responsibilities of their respective employment positions in their actions toward plaintiff including the decision not to renew her coaching contract for 2005-06, the failure to comply with the school district district's union contract obligations and the failure to properly process her grievance objecting to gender discrimination.

42. SD2 knows that Anderson and Williams and Martin each has made false statements and false representations to plaintiff or plaintiff's attorney or

9

concerning plaintiff.

43. SD2 has taken no disciplinary or corrective action against Anderson or Williams or Martin for any of their actions regarding the plaintiff.

44. The school district has not denied male employees or employees who did not object to gender discrimination opportunities to be present at informal or formal meetings involving its trustees in the manner it denied plaintiff those opportunities in August 2005.

45. The school district has not failed to protect the confidential personnel information of male employees or employees who did not object to gender discrimination in the same manner that it has failed to protect the confidential personnel information of the plaintiff as previously described.

46. The defendants have applied different and more favorable standards and practices in dealing with male coaches than it did in dealing with plaintiff. Defendants applied those different standards in deciding to ask her to resign as a head coach, in deciding to fail and refuse to renew her contract for the 2005-06 school year, in deciding to reject her March 2005 application, in deciding to announce publicly that she had been replaced without any prior notice, and in deciding to make the false claim that she was not qualified to be a head coach of the women's soccer team.

47. It is and has been the custom and practice of SD2 to apply different and more favorable standards to male coaches than to female coaches of the school district.

48. Defendants, acting individually and in one combination or another, took the above described adverse actions against plaintiff because she is a woman.

49. Defendants, acting individually and in one combination or another, took one or more of the above described adverse actions against her because she engaged in

protected activities and objected to gender discrimination and filed and attempted to file a grievance and complaint objecting to that gender discrimination.

50. As a direct and proximate result of the acts and omissions of the defendants, acting individually and in one combination or another, plaintiff has sustained emotional harm, distress, loss of reputation in her occupation and profession as a coach, invasion of her personal privacy, and other injuries.

51. The individual defendants, both at times when they were acting within the scope of their authority as district employees and when they were acting outside the scope of their authority, took the above described adverse actions against the plaintiff with an intent to injure her, with a conscious disregard for her rights or with malice.

52. The facts alleged in the preceding paragraphs are each incorporated into the causes of actions, denominated as Counts below, which are set forth as joint and/or alternative causes of action. With respect to those state claims set forth for tortious misrepresentation, defamation and invasion of constitutionally protected privacy interests, those claims are made as alternative causes of actions in the event that the misconduct described therein are not subject to or are outside the scope of the exclusive remedy provisions of Title 49 of the Montana Codes Annotated.

## COUNT I

### Violation of Title VII

53. Defendant Billings School District 2 discriminated against LeAnne Wickun because she is a woman and because she engaged in protected activities in violation of her rights under Title VII of the Civil Rights Act of 1964 as amended.

11

54. Plaintiff has exhausted her administrative remedies. Less than 90 days ago, she was served with her right to sue notice by the EEOC.

55. Plaintiff is entitled to an award of damages and an order of equitable relief as permitted by the Civil Rights Act of 1991.

## COUNT II

### Violations of Section 1983

56. Defendants Billings School District 2 and the individual defendants discriminated against LeAnne Wickun because she is a woman and retaliated against her for filing a discrimination complaint and for making efforts to speak publicly on matters of public concern (the discriminatory acts and misconduct by defendants Anderson and Williams) in violation of her constitutionally protected rights under the First and Fourteenth Amendments of the U. S. Constitution, as actionable under 42 U.S.C. §1983.

57. Plaintiff is entitled to an award of damages against the defendants and each of them, and to an award of punitive damages against Anderson, Williams and Martin and to an order of equitable relief as permitted by law.

## COUNT III

### Violations of the State Human Rights Act and Governmental Code of Fair Practices

58. Defendant School District 2 and the individual defendants discriminated against LeAnne Wickun because she is a woman and retaliated against her because she engaged in protected activities in violation of her rights under Sections 49-2-301, 49-2-303, 49-2-308, and in breach of the school district's affirmative duties under 49-3-201, 49-3-205 and 49-3-209 of Title 49 of the Montana Codes Annotated.

59. Plaintiff has exhausted her administrative remedies in regards to those violations and less than 90 days ago was served with a notice of her right to sue

under Title 49.

60. Plaintiff is entitled to an award of compensatory damages against each of the defendants and to an order of equitable relief as permitted by Section 49-2-506(1), MCA.

## COUNT IV

### Tortious Misrepresentation

61. Defendants Anderson and Martin made false statements to plaintiff and her legal representative regarding her contract as Head Coach, the processes for renewing her Head Coach contract for the 2005-06 school year and the processes available to her for purposes of objecting to the nonrenewal of her contract. Anderson and Martin made those statements to induce reasonable reliance by plaintiff on those statements. The plaintiff did rely on those false statements, to her detriment.

62. Defendants Anderson and Martin each made the false statements described in the preceding paragraph with an intent to injure the plaintiff, to cause her harm and with conscious disregard for the harm that those statements would cause to the plaintiff.

63. Plaintiff is entitled to an award of damages for the harm caused to her by the negligent misrepresentations made by Anderson and Martin and to a further award of damages for the intentional misrepresentations by Anderson and Martin as permitted by law.

## COUNT V

### Invasion of Constitutionally Protected Privacy Interests

64. Defendants School District 2, Anderson and Martin disclosed confidential personnel information regarding the plaintiff in public and to third parties not authorized to receive such information.

65. In disclosing that confidential information, the individual defendants Anderson and Martin were acting with an intent to cause harm to plaintiff and outside the scope of their authority as agents of the school district.

66. The unauthorized disclosures of confidential information by those defendants caused harm and injury to plaintiff by invading her constitutionally protected privacy interests.

67. Plaintiff is entitled to an award of damages against each of those defendants as permitted by law for the violation of her constitutionally protected privacy interests and to an order of equitable relief to prevent such disclosures in the future.

### COUNT VI
### Defamation

68. Defendants Scott Anderson and Dave Williams made false statements orally and in writing regarding the plaintiff. The statements caused plaintiff to be subject to injury in her occupation and other obloquy and tended to impute to her general disqualification with respect to her occupation. Anderson and Williams each knew the statements were false or made the statements with a reckless disregard for the falsity of the statements. Anderson and Williams each made one or more of the statements about plaintiff which he knew was false and was made outside the scope and authority of his employment with the school district.

69. Plaintiff is entitled to an award of damages against the defendant Anderson and defendant Williams for defaming plaintiff as permitted by law.

WHEREFORE, plaintiff LeAnne Wickun requests that judgment granted in her favor and against each of the defendants and further requests that the Court enter an order:

A. Awarding compensatory damages to the plaintiff and against the defendants in

14

an amount to be determined by a jury sufficient to compensate her for the injuries and other harm caused by the wrongful acts of the defendants as described above;

B. Awarding puntive damages to the plaintiff and against the defendants Anderson, Williams and Martin in an amount to be determined by a jury sufficient to punish said defendants and sufficient to deter them and others from engaging in similar misconduct in the future;

C. Enjoining each of the defendants from engaging in similar acts of illegal discrimination and illegal acts of retaliation in the future;

D. Requiring each of the defendants to perform certain affirmative acts which the evidence presented at trial shows is necessary to minimize the likelihood of future acts of illegal discrimination or retaliation in the future;

E. Declaring the plaintiff to be the prevailing party in this action and awarding plaintiff, in appropriate post judgment proceedings, her costs and fees incurred in prosecuting this action;

F. Awarding plaintiff such other and further relief as the Court deems just and equitable.

Signed this July 28, 2006.

_____
Timothy C. Kelly, Attorney for Plaintiff LeAnne Wickun

## JURY TRIAL REQUESTED

Pursuant to the Federal Rules of Civil Procedure, Plaintiff requests a jury on the trial of these causes of action as permitted by law.

_____
Attorney for Plaintiff

15

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LeAnne Wickun

## DEFENDANTS
Billings School District 2, Scott Anderson, Dave Williams, and Dan Martin

**(b)** County of Residence of First — Yellowstone County MT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed — Yellowstone County MT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

CV-06-108-BLG-RWA

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Timothy C. Kelly, Kelly Law Office, P O Box 65, Emigrant, Montana 59027
Phone 406/333-4111; Fax 406/333-9073

Attorneys (If Known)
Marilee Duncan, Felt Martin et al, Attorneys for School District 2, P O Box 2558, Billings MT 59103; others unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [✔] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [✔] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [✔] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other |  | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability |  |  | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
|  |  | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [✔] 442 Employment | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / Habeas Corpus: |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |  |
| [ ] 240 Torts to Land |  | [ ] 530 General | [ ] 790 Other Labor Litigation |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty |  |  |  |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
|  | [ ] 550 Civil Rights |  |  |  |
|  | [ ] 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [✔] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of TITLE VII (Employment Discrimination based on race/national origin); Section 1983 (First Amendment Rights) and State Laws (Human Rights Act, other pendent state claims)

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $ and Equitable

CHECK YES only if demanded in complaint:
JURY DEMAND: [✔] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  NA
DOCKET NUMBER

DATE  7/28/06
SIGNATURE OF ATTORNEY OF RECORD  TZK

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____